UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL DOCKET |
| VERSUS | NO. 93-5 |
| HEATH SINGLETON | SECTION: "E" |

### ORDER AND REASONS

Before the Court is a motion for sentence modification filed by Heath Singleton.[1] The Government filed an opposition.[2]

### BACKGROUND

On April 14, 1994, Heath Singleton pleaded guilty to three counts of a superseding indictment[3] charging him with conspiracy to commit armed robbery of an automobile,[4] armed robbery of an automobile,[5] and use of a firearm during a crime of violence.[6] On June 22, 1994, Singleton was sentenced to life in prison with 60 months in prison to run consecutive to the life sentence.[7] Singleton is currently 52 years old and has served over 32 years in prison.[8]

On February 2, 2024, Singleton filed a motion for compassionate release and request for appointment of counsel in this Court, seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A),[9] which this Court denied.[10] On August 18, 2025, Singleton filed

---

[1] R. Doc. 225.
[2] R. Doc. 230.
[3] *See Id.* at p. 3.
[4] *See* 18 U.S.C. § 371.
[5] *See* 18 U.S.C. § 2119.
[6] *See* 18 U.S.C. § 924(c).
[7] *See* R. Doc. 152 at p. 2.
[8] R. Doc. 225-1 at p. 8.
[9] R. Doc. 197.
[10] R. Doc. 209.

this motion for sentence modification.[11] On November 1, 2023, the U.S. Sentencing Commission issued revisions to the Sentencing Guidelines through Amendment 821.[12] The retroactive portion of this amendment revised U.S.S.G. § 4A1.1, which previously assigned two additional criminal history points to defendants who committed a federal offense while on probation, parole, or supervised release.[13] These additional criminal history points are known as "status points."[14] Following Amendment 821, the Guidelines assign only one status point to an offender with seven or more criminal history points, and assign no status points to those with six or fewer criminal history points.[15] Importantly, Mr. Singleton at sentencing had only two criminal history points from prior convictions, and, under Amendment 821, would have had no status points added to his criminal history.[16] Removal of his two additional status points would reduce his criminal history category from III to II, which would reduce his aggregate Guidelines range from 168 to 210 months to 151 to 188 months.[17]

In his memorandum in support of his motion, Singleton argues the Court should consider his youth at the time of the violation as well as his gravely ill mother, who requires a caretaker.[18] He also claims that his co-defendant, Douglas Aleman, was the primary instigator in the armed robbery and killing of William Mullers.[19]

---

[11] R. Doc. 225; *see* R. Doc. 230 at p. 5 (the Amendment 821 Committee agreed Defendant is eligible for sentence modification, but committee members disagreed about whether the Court should grant one).
[12] R. Doc. 230 at p. 4.
[13] *Id.*
[14] *See Id.*; R. Doc. 225-1 at p. 10.
[15] R. Doc. 225-1 at p. 10.
[16] *Id.* at p. 11.
[17] *Id.*
[18] *Id.* at pp. 12-17.
[19] *Id.* at pp. 15-16.

The Government argues the Court should decline to reduce Defendant's sentence. In support, it points to the cruel nature of Defendant's offenses,[20] the fact this Court has already held the relevant factors weighed against sentence reduction in a § 3582(c)(1)(A) proceeding,[21] and that Defendant's conduct in prison demonstrates a history of not following rules.[22]

## **LAW AND ANALYSIS**

18 U.S.C. § 3582(c) provides that courts "may not modify a term of imprisonment once it has been imposed," except in limited circumstances.[23] Relevant to this case, 18 U.S.C. § 3582(c)(2) allows, but does not require, courts to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[24]

Deciding whether a defendant is entitled to a sentence reduction under § 3582(c)(2) is a two-step process.[25] "First, the [court] must determine the defendant's eligibility for a reduction according to Guidelines § 1B1.10."[26] To be eligible for a reduction, the defendant's sentencing range must be lowered by a "covered amendment" that applies to the defendant and appears in Sentencing Guideline § 1B1.10. "Second, the [court] considers the sentencing factors listed in 18 U.S.C. § 3553(a) to determine whether, in the [court's] discretion, a reduction 'is warranted in whole or in part under the particular circumstances of the case.'"[27] These factors include:

---

[20] R. Doc. 230 at pp. 7-8.
[21] R. Doc. 209.
[22] R. Doc. 230 at pp. 8-9
[23] 18 U.S.C. § 3582(c).
[24] 18 U.S.C. § 3582(c)(2).
[25] *Dillon v. United States*, 560 U.S. 817, 819 (2010)
[26] *United States v. Guerrero*, 870 F.3d 395, 396 (5th Cir. 2017) (citing *Dillon*, 560 U.S. at 827).
[27] *Id.* (citing *Dillon*, 560 U.S. at 827).

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]

(2) the need for the sentence imposed—

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.][28]

A court also "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and may consider the defendant's conduct that occurred after imprisonment.[29]

The parties agree that Singleton is eligible for sentence reduction, as Amendment 821 reduces his criminal history category and thereby reduces his sentencing guideline range.[30] The Court agrees with the parties that Defendant is eligible for a reduction, and as a result, proceeds to the next step of the inquiry, analyzing the § 3553(a) factors.

## I.  The section 3553(a) factors, which this Court has already addressed in this case, weigh against reducing Singleton's sentence.

In its Order Denying Defendant's Motion for Compassionate Release, this Court held that the Section 3553(a) factors weighed heavily against Defendant.[31] The Court reiterates its reasoning found in that order and once again holds that the 3553(a) factors weigh against sentence modification.

---

[28] 18 U.S.C. § 3553(a).
[29] U.S.S.G. § 1B1.10, comment. (n.1(B)(ii)–(iii)).
[30] R. Docs. 225-1 at p. 9; 230 at p. 6.
[31] R. Doc. 209 at p. 9.

The Court finds Defendant's conduct particularly egregious and warranting a severe sentence. The facts of this case demonstrate Defendant's cruel and degrading conduct towards his victim. Singleton's offense resulted in the homicide of an innocent man, William Mullers.[32] Singleton's co-defendant entered Mullers' vehicle and, thereafter, Singleton and his co-defendant drove the victim to a bank, forcing him to withdraw money from his bank account using an ATM.[33] They then forced him out of the vehicle on the side of the road, as the victim pleaded for his life.[34] Singleton and his co-defendant then took turns shooting Mullers until both firearms were empty and left Mullers' body in a ditch on the side of the road.[35] While the Court recognizes that Amendment 821 reduced Defendant's sentencing guideline range, the Amendment does not alter the shocking nature of the crime committed.

Defendant points to the fact that, considering Amendment 821, he has served more than double the applicable guideline range for his offenses.[36] However, this reasoning fails to consider that Defendant's Presentencing Report recommended an upward departure from the guideline range, as the relevant carjacking guideline failed to take into consideration the victim's killing.[37] Furthermore, on appeal, the Fifth Circuit acknowledged that while Defendant's initial sentence was "tough," it was not unwarranted given the seriousness of the conduct and that Defendant's actions intended or knowingly risked death or serious bodily injury.[38] While the guidelines may have

---

[32] R. Doc. 230 at p.2.
[33] *Id.*
[34] *Id.*
[35] *Id.*
[36] R. Doc. 225-1 at p. 15.
[37] *United States v. Singleton*, 49 F.3d 129, 131-32 (5th Cir. 1995).
[38] *Id.* at 134; U.S.S.G. § 5k2.1.

5

suggested a lower sentence, the court justifiably sentenced Defendant to a harsher term of imprisonment, which the Fifth Circuit upheld.[39]

In addition, while the Court appreciates Defendant's youth at the time of the conviction, that does not justify a reduction in his sentence. Defendant cites Sentencing Guideline §5H1.1 to support his proposition that the Court should reduce his sentence because of his relative youth at the time of the offenses. However, nothing in that provision requires a court to consider age when sentencing a non-minor defendant.[40] Singleton was 19 at the time of the offense and, while still a young man, had the ability to appreciate the gravity of his conduct.

Defendants conduct while incarcerated also supports upholding his original sentence. Over the course of his imprisonment, Defendant has committed a myriad of violations, including fighting (2011), assault (2000), possessing a dangerous weapon (2016, 2008), using or possessing drugs/alcohol (2024, 2017, 2016, 2014, 2009, 2008, 1999, 1998, 1997), possessing intoxicants (2010, 2009, 2007, 2005), possessing stolen property (2013) and destruction of property (2024, 2008). [41] These infractions demonstrate a continued pattern of disruptive behavior and show that Defendant requires additional rehabilitation.

While the Court expresses sympathy towards Mrs. Singleton that her son will not be able to serve as her caretaker, such a reason does not justify the expedited release of a Defendant serving a warranted term of imprisonment. The nature of Defendant's offense and the need for a harsh term of imprisonment weigh against reducing his sentence, regardless of Defendant's familial circumstances.

---

[39] *Id.*
[40] *See* U.S.S.G. § 5H1.1.
[41] R. Doc. 230 at pp. 8-9.

6

Singleton's request for sentence modification fails to raise any factors that weigh in his favor.[42] Thus, having considered the relevant factors under Section 3553(a) and having weighed the totality of the relevant circumstances, the Court finds the nature and circumstances of Singleton's offense weigh against sentence modification. The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct weighs heavily in the Court's decision.

## CONCLUSION

**IT IS ORDERED** that Heath Singleton's motion for sentence reduction is **DENIED**.[43]

New Orleans, Louisiana, this day 24th of October, 2025.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[42] *See* R. Doc. 225.
[43] R. Doc. 225.